RICHARD NEWMAN, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF MAGIC FERTILIZER COMPANY, *Appellant*, v. KATE GREENE, A FEMME SOLE, ET AL., *Appellees*.

En Banc.

Opinion Filed August 21, 1926.

1. The lien of a mortgage being limited to the debt secured, a mortgagee seeking the foreclosure of a mortgage can have only such debts established as are within the terms of the mortgage. The rule also applies, of course, to a foreclosure by an assignee.

2. When a mortgage is executed to secure the payment of a stated sum and future advances, the mere assignment of the mortgage to a third party after the latter, as a volunteer, has already made certain further advances of the character contemplated by the mortgage is not sufficient to bring that indebtedness within the security of the mortgage so as to authorize a foreclosure thereof by the assignee on account of the advances made previous to the assignment, in the absence of either an estoppel against the mortgagor or of circumstances which would amount to an equitable assignment of the mortgage security contemporaneously with the creation of the indebtedness in question.

An Appeal from the Circuit Court of Dade County; H. F. Atkinson, Judge.

Affirmed.

*Ross Williams,* for Appellant.

*Burwell and Shipp,* for Appellees.

STRUM, J.—This is an appeal from a final decree dismissing a bill of complaint seeking the foreclosure of a mortgage.

The suit arose out of the following circumstances; Appellees, who were defendants below, executed a mortgage, dated September 9, 1921, to Co-operative Fertilizer Company, a corporation, as mortgagee, to secure the payment of certain existing indebtedness from the mortgagors to Co-Operative Fertilizer, consisting of a promissory note in amount of $544.50, an open account in amount of $346.24 which had accrued prior to the execution of the mortgage, and to further secure certain future advances contemplated by the parties. The mortgaged property consisted of a citrus grove owned by the mortgagors in Dade County. The promissory note and open account just referred to represented the value of certain fertilizer and labor previously furnished by the mortgagee for the grove from time to time. By the terms of the mortgage, the mortgagee Co-Operative Fertilizer Company obligated itself to continue to care for the grove until September 15th, 1922, and to furnish and apply all fertilizer and labor necessary to keep the grove in healthy condition. The mortgage contained the further provision that "the said mortgagors here express this mortgage to be for the further purpose of securing the payment to the said mortgagee of all money expended by it for labor and materials reasonably used and employed by it on the said grove during the existence of this mortgage," together with an agreed profit of ten per cent on such amounts.

The mortgagee, Co-Operative Fertilizer Company, be-

came involved in financial difficulties, and on September 24, 1921, assigned the note and open account in amount of $346.24, together with other choses in action, to C. W. Smith, as trustee for the benefit of American Fertilizer Company, a large creditor of the mortgagee Co-Operative Fertilizer Company. The mortgage in question was not expressly assigned to Smith as trustee. The appellant, who was complainant below, claims no interest in either the promissory note or the open account just mentioned, and it is therefore unnecessary to follow their history further.

On February 20, 1922, Co-Operative Fertilizer Company executed an assignment of the mortgage here involved, "together with obligations, rights, titles and interest described in said mortgage, and the money due and to become due, with interest hereon according to said mortgage," to the appellant, Richard Newman, doing business under the trade name of Magic Fertilizer Company. Newman was also an employee of Co-Operative Fertilizer Company. Appellant, as complainant below, thereafter sought to foreclose the mortgage to enforce payment by the mortgagors of divers charges, aggregating $1,760.00 for fertilizer and labor, which appellant claims to have supplied subsequent to the execution of the mortgage, which charges appellant asserts are secured by the mortgage as future advances under the terms thereof.

The mortgagors resisted the foreclosure on the ground that the assignment of the mortgage to complainant was colorable only, and that the advances, if any, were made by Co-Operative Fertilizer Company, and not by complainant, and that the indebtedness on account thereof, if any, was due either to Co-operative Fertilizer Company or to C. W. Smith, trustee, under the assignment of September 24, 1921. The trustee, Smith, having intervened by leave of court, also resisted the foreclosure on the same grounds.

On final hearing the chancellor dismissed appellant's bill of complaint.

The lien of a mortgage being limited to the debt secured, a mortgagee seeking the foreclosure of a mortgage can have only such debts established as are within the terms of the mortgage. Tunno v. Robert, 16 Fla. 738; Jones on Mortgages (7th ed.) 360. The rule also applies, of course, to a foreclosure by an assignee.

It appears from the evidence that subsequent to the execution of the mortgage certain fertilizers and labors were furnished for appellee's grove, but there is some confusion as to who furnished it. Appellant claims that he furnished it, under the trade name of Magic Fertilizer Company, and there is evidence to substantiate that claim. The evidence is not clear, however, as to when the fertilizer and labor were furnished. As nearly as we can determine from the evidence, if these advances were made by appellant, they were made between September 7, 1921, and February 15, 1922, prior to the assignment to him of the mortgage, which did not occur until February 20, 1922. But we find in the record no sufficient proof that the advances made between the dates named were made by appellant in reliance upon the security of the mortgage and under such circumstances as would entitle him to the protection thereof. The mere assignment of the mortgage to appellant after he had already made the advances in question as a volunteer is not sufficient to bring that indebtedness within the security of the mortgage so as to authorize a foreclosure thereof by the assignee on account of the advances made previous to the assignment in the absence of either an estoppel against the mortgagor or of circumstances which would amount to an equitable assignment of the mortgage security contemporaneously with the creation

of the indebtedness in question, neither of which suffi-ciently appears from the proofs in this instance.

There is attached to the amended bill of complaint a statement of account between appellant and appellees, pur-porting to show charges for advances made by the former to the latter subsequent to February 20, 1922, the date of the assignment of the mortgage, but there is no sufficient proof of the latter charges.

In the argument before us, the theory is advanced on be-half of appellant that Co-operative Fertilizer Company, the mortgagee, while it was the owner of the mortgage, furnished the fertilizer and labor representing the advances in question, so that the indebtedness accrued to that com-pany, after which the latter company executed the assign-ment of February 20, 1922, to appellant, thereby convey-ing to him the accrued indebtedness together with the mort-gage security. But that contention is squarely in con-flict with the testimony of appellant himself that he furnished the fertilizer in question, and that none of it was furnished by Co-operative Fertilizer Company.

Appellant stresses the fact that he, trading as Magic Fertilizer Company, on March 22, 1922, rendered a state-ment of account to one of the mortgagors, G. L. Green, showing the amount of advances up to February 15, 1922, and that Green "O. Kd." the statement. The statement itself is in evidence. Passing the question of G. L. Green's authority to bind the other mortgagors, the statement is but an acknowledgment of an indebtedness. It contains noth-ing to bring the indebtedness within the obligation or security of the mortgage, even though it may constitute a sufficient basis for an action of some other character. There is nothing in the statement acknowledging any indebtedness

arising subsequent to February 20, 1922, the date of the assignment of the mortgage to appellant, nor do we find elsewhere in the record sufficient evidence of the existence of any indebtedness from the mortgagors (appellees) to appellant on account of which the latter, as assignee of the mortgage in question, is entitled to a foreclosure thereof.

The decree of the chancellor is in accordance with the evidence and is affirmed.

Affirmed.

BROWN, C. J., AND WHITFIELD AND BUFORD, J. J., concur.