CARROLL, Judge.
The appellant, who was the holder of a second mortgage on property known as the Claridge Hotel in Miami Beach, filed suit for foreclosure. She alleged an original mortgage indebtedness of $175,500 *782 payable in monthly installments of $1,375 beginning January 1, 1955, with 5% interest; that default had occurred in the monthly payments due in September, October and November, 1960, for which she accelerated the unpaid balance of $131,-205.85. Although he was not a necessary party 'to her foreclosure, the holder of the senior first mortgage, George D. Wilkinson, was joined as a defendant. It was alleged he had acquired the property in August of 1958 subject to the first and second mortgages; that he formed the defendant corporation Claridge, Inc.; that he deeded the property to that corporation for no consideration, in October, 1958; that the corporation was his alter ego and was a dummy; that when the first mortgage came due on December 23, 1959, Wilkinson paid it on December 28, 1959, but instead of taking a satisfaction took an assignment of the first mortgage; that such transaction was a subterfuge; that no demand had been made upon the corporation by Wilkinson for payment of the defaulted first mortgage; and that a merger of the fee and the first mortgage should be considered to have occurred. It was prayed that the second mortgage be held superior. Instead of answering and filing a counterclaim as contemplated by rule 1.13, Florida Rules Civil Procedure, 30 F.S.A., within the time allowed to answer, Wilkinson filed a separate suit to foreclose the first mortgage. Later he answered, denying generally the allegations of the complaint and counterclaiming for foreclosure of his first mortgage. The titleholder, Claridge, Inc., in answer to Wilkinson’s complaint to foreclose the first mortgage, admitted liability, and answered the second mortgage foreclosure complaint by denying generally the alie-gations and raising the defense that the note evidencing the indebtedness should he construed to call for payments every second month instead of each month and therefore was not in default.
The chancellor combined the two suits, and they were tried as one. A single final decree was entered foreclosing the first mortgage and dismissing the suit to foreclose the second mortgage. The dismissal of the latter was based on a holding that the equities of the cause were with the appellee Wilkinson and against the appellant. That ruling of the chancellor, challenged on this appeal, is supported by the evidence and the law. Appellant also contends it was error to disallow proof of the allegations- as to the amounts due and in default under the second mortgage. The decree, however, provided that in the event a surplus resulted from the sale on foreclosure of the first mortgage, it should be applied to payment of the second mortgage in the amount demanded, which was $131,205.85. In view of that provision of the decree, the error, if any, in dismissing the second mortgage foreclosure instead of permitting proof of amounts due thereunder, was harmless.[1] The parties briefed and argued this appeal on the assumption that the chancellor held the second mortgage was not in default. Because it may be important to the second mortgagee in the event of redemption, we determine that question, and hold that the second mortgage was in default. The contention of Claridge, Inc. that the mortgage note called for payment every second month instead of each month was unsound.[2] The wording of the note presented no difficulty to the parties thereto. They interpreted it as calling for monthly payments, and payments were made thereon on that basis for some five years. Moreover, at *783 some time during that period an agreement was made between the parties reducing the payments from $1,375 to $1,000 per month and the payments continued to be made and accepted monthly.
A further contention of the appellant was that the court improperly included in the amount due under the mortgage certain sums advanced by Wilkinson after he had conveyed the property to the corporation and prior to the time he became assignee of the note and mortgage. The transfer of the property from Wilkinson to the corporation took place in October of 1958. In December of 1959, when the first mortgage indebtedness was due in the principal amount of $31,500, Wilkinson paid that sum plus interest to the mortgagee and took an assignment of the note and mortgage. In the final decree here, in addition to the $31,500 principal due on the note, and interest, attorneys’ fees and costs, the chancellor included $14,763.76 of advances Wilkinson claimed he had made to the corporation' and which he sought to have added to the mortgage debt. It was error to include that sum in the decree, because the record discloses the advances by Wilkinson to the corporation were not made after he acquired the note and mortgage, but while he held no interest in the property or in the mortgage. As to such advances Wilkinson became a creditor of the corporation, and established no basis to include them in the foreclosure decree. See Newman v. Greene, 92 Fla. 684, 109 So. 582. Therefore, the decree is reversed in part, and on remand should be modified to reduce the principal amount thereof by the said sum of $14,763.76, and the interest should be adjusted accordingly.
A fourth question raised by the appellant has been considered and found to be without merit. Our disposition of the appeal makes it unnecessary to consider and determine the appellant’s fifth question.
The decree appealed from is reversed in part as set forth hereinabove and in other respects is affirmed, and the cause ■is remanded to the circuit court for modification of the decree as provided for herein.
Affirmed in part, reversed in part and remanded.

. No claim was made on the appeal for the loss of costs and attorneys’ fees on dismissal of the second mortgage foreclosure suit.

. The note provided for payment in installments, as follows: “On January 1, 1955, the sum of One Thousand Three Hundred Seventy-five and 00/100 Dollars . and every other month thereafter until fully paid. * * * ”