KEHOE, Judge.
Appellants, defendants below, bring this interlocutory appeal from an order dated April 28, 1977, entered by the trial court denying their motion to dismiss appellee’s, plaintiff below, complaint. We have concluded that the trial court erred by denying appellants’ motion to dismiss in regard to Count III of appellee’s complaint.
Appellee filed a complaint seeking to foreclose a mortgage on certain real property in Dade County owned by appellants. Among other things, it was alleged that appellants executed a mortgage on June 19, 1973, with appellee and that there remained due approximately $650 on the mortgage. It was further alleged that, subsequently, appellants executed a promissory note in favor of appellee in the amount of $2000 which was covered by a mortgage provision relating to future advances. Also, in Count III of the complaint, it was alleged that a corporation, Charwend, Inc., owned and controlled by appellants executed and delivered a promissory note to appellee for the amount of $15,869.26, and that in conjunction with this note appellants, individually, executed a guarantee of the note. Appellee then alleged that the guarantee of appellants was secured by the mortgage which was sought to be foreclosed.
In response to appellee’s complaint, particularly in reference to Count III, appellants filed a motion to dismiss. The basis of the motion was that the mortgage did not extend the lien on the premises to cover the guarantee and the Charwend, Inc., note, and that none of the instruments relating to such guarantee authorized a lien on the premises. From the trial court’s order denying their motion to dismiss, appellants bring this appeal.
Our review of this matter leads us to the opinion that the trial court should have granted appellants’ motion to dismiss in regart to Count III of appellee’s complaint. We believe that there were insufficient allegations in this Count to state a cause of action for the relief sought. See Downing v. First National Bank of Lake City, 81 So.2d 486 (Fla.1955); Newman v. Greene, 92 Fla. 684, 109 So. 582 (Fla.1926); and 9 Thompson on Real Property § 4749 (J. S. Grimes ed. 1958). Therefore, the order appealed is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.